UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

VICTORIA MARROW, JOHN STRONG, ERIC HARRISON,
PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME,

         Plaintiffs,

    -against-

CITY OF NEW YORK, ANDREW KINSELLA, DAVID
COURTIEN, CARL WATSON, MARTIN BANGHART,
VINCENT ORSINI, RAYMOND WITTICK, STEPHANIE
SANCHEZ, DENNIS MOONEY, ROBERT HANSON, and JOHN
and JANE DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

         Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

11 CV 3054
(JG) (RER)

<u>Jury Trial Demanded</u>

    Plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE

WILLIAMS, LINDA STRONG, and JANEE HUME, by their attorneys, Leventhal & Klein,

LLP, complaining of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

    1.   Plaintiffs brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiffs also assert supplemental state law claims.

<u>**JURISDICTION**</u>

    2.   This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.       Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.


## VENUE

4.       Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.       Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.       Plaintiff VICTORIA MARROW is a fifty-three year old African American woman who resides in Staten Island, New York.

7.       Plaintiff JOHN STRONG is a twenty-five year old African American man who resides in Staten Island, New York.

8.       Plaintiff ERIC HARRISON is a forty-five year old African American man who resides in Staten Island, New York.

9.       Plaintiff PRINCE WILLIAMS is a twenty-four year old African American man who resides in Staten Island, New York.

10.      Plaintiff LINDA STRONG is a fifty-one year old African American woman who resides in Staten Island, New York.

11.      Plaintiff JANEE HUME is a twenty-two year old African American woman who resides in Staten Island, New York.

12.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

2

13.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

14.     That at all times hereinafter mentioned, the individually named defendants ANDREW KINSELLA, DAVID COURTIEN, CARL WATSON, MARTIN BANGHART, VINCENT ORSINI, RAYMOND WITTICK, STEPHANIE SANCHEZ, DENNIS MOONEY, ROBERT HANSON, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

15.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

16.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

17.     On March 26, 2010, at approximately 1:00 p.m., the defendant NYPD police officers broke the front door of the second floor apartment of 204 Gordon Street, Staten Island, New York, and entered said location with firearms drawn.

18.     The defendant officers pointed their firearms at plaintiff VICTORIA MARROW, placed handcuffs on her wrists, and ordered her to remain in the living room of said location.

3

19.    The defendant officers pointed their firearms at plaintiffs ERIC HARRISON, PRINCE WILLIAMS, and JANEE HUME, placed handcuffs on their wrists, and escorted them into the living room of said location.

20.    A defendant officer forced open the door to the bathroom of said location, pointed a firearm at plaintiff LINDA STRONG, who was using the toilet in said bathroom, and ordered her to stand up and not to flush the toilet.

21.    The defendant officers did not allow plaintiff LINDA STRONG to clean or dress.

22.    The defendant officers handcuffed plaintiff LINDA STRONG and escorted her into the living room of said location.

23.    Thereafter, a female defendant officer individually escorted plaintiffs, VICTORIA MARROW, LINDA STRONG, and JANEE HUME into the bathroom of said location, and subjected each plaintiff to a humiliating and unlawful strip search.  The defendant officer ordered plaintiffs to remove their clothes, squat and cough.

24.    At the time of the above described events, plaintiff JOHN STRONG was returning to 204 Gordon Street, his residence, from a doctor's appointment.

25.    Plaintiff JOHN STRONG was standing across the street from 204 Gordon Street when defendant officers approached him, searched him, by patting him down and searching in his pockets, handcuffed him, and imprisoned him inside a police vehicle.

26.    Sometime thereafter, the defendant officers imprisoned VICTORIA MARROW, ERIC HARRISON, PRINCE WILLIAMS, and LINDA STRONG inside a police van and plaintiff JANEE HUME inside a separate police vehicle.

27.    Plaintiff LINDA STRONG experienced difficulty entering the rear entrance of said police van.  The defendant officers attempted to forcefully place plaintiff LINDA STRONG

into said van, causing her to experience pain and redness to her leg.

28.      The defendant officers transported plaintiffs to the 120th police precinct and imprisoned them therein.

29.      The defendant officers imprisoned plaintiffs until their arraignments in Richmond County Criminal Court on baseless charges; said charges having been filed based on the false allegations of defendant ANDREW KINSELLA.

30.      The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

31.      Over the course of the next two months, the malicious prosecution compelled plaintiffs to return to Court approximately two times.

32.      On May 25, 2010, all of the purported charges levied against plaintiffs based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

33.      Defendants HANSON and COURTIEN supervised defendants KINSELLA, WATSON, BANGHART, ORSINI, WITTICK, SANCHEZ, MOONEY, and JOHN and JANE DOE 1 through 10 and approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of the plaintiffs.

34.      Defendants KINSELLA, COURTIEN, WATSON, BANGHART, ORSINI, WITTICK, SANCHEZ, MOONEY, HANSON, and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

35.      All of the above occurred as a direct result of the unconstitutional policies,

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

36.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the proper procedures for execution of search warrants; the treatment of innocent and/or uninvolved individuals who are found at the location of an execution of a search warrant, and; the proper procedure for subjecting an individual to a strip search.

37.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

38.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

6

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

40.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

42.     All of the aforementioned acts deprived plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.     As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG,

ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

47.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants arrested plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

49.     Defendants caused plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME to be falsely arrested and unlawfully imprisoned.

50.     As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

51.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

8

52.     Defendants strip searched plaintiffs VICTORIA MARROW, LINDA STRONG, and JANEE HUME in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time they were searched.

53.     Defendants thereby caused plaintiffs VICTORIA MARROW, LINDA STRONG, and JANEE HUME to be deprived of their right to be free from unlawful strip searches.

54.     As a result of the foregoing, plaintiffs VICTORIA MARROW, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

55.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME.

57.     Defendants caused plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME to be prosecuted without any probable cause until the charges were dismissed on or about May 25, 2010.

58.     As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

9

attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

59.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    Defendants issued criminal process against plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME by causing their arrest and prosecution in Richmond County Criminal Court.

61.    Defendants caused plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiffs' right to be free from malicious abuse of process.

62.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

63.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth

10

Amendment.

65.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

66.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

67.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.    The defendants falsely arrested and maliciously prosecuted plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME, and illegally strip searched plaintiffs VICTORIA MARROW, LINDA STRONG, and JANEE HUME because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

69.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME were deprived of their rights under the Equal Protection Clause of the United States Constitution.

11

70.     As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

71.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants had an affirmative duty to intervene on behalf of plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME, whose constitutional rights were being violated in their presence by other officers.

73.     The defendants failed to intervene to prevent the unlawful conduct described herein.

74.     As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME'S liberty were restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and plaintiffs VICTORIA MARROW, LINDA STRONG, and JANEE HUME were subjected to an illegal strip search.

75.     As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive

12

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

76.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

78.     As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

79.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

81.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals without probable cause when they are present at the location of the execution of a search

warrant, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

82. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME.

83. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME as alleged herein.

84. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME as alleged herein.

85.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME were unlawfully arrested, illegally searched, and maliciously prosecuted.

86.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME'S constitutional rights.

87.     All of the foregoing acts by defendants deprived plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from unlawful strip searches;

      D.     To be free from the failure to intervene;

      E.     To be free from malicious prosecution;

      F.     To be free from malicious abuse of process; and

      G.     To receive equal protection under law.

88.     As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

89.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Within ninety (90) days after the claim herein accrued, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

91.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

92.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

93.     Plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME have complied with all conditions precedent to maintaining the instant action.

94.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

16

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

95.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.    Defendants arrested plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME without probable cause.

97.    Plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME were detained against their will for an extended period of time and subjected to physical restraints.

98.    As a result of the aforementioned conduct, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME were unlawfully imprisoned in violation of the laws of the State of New York.

99.    As a result of the aforementioned conduct, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

100.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

101.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME were placed in apprehension of imminent harmful and offensive bodily contact.

103.    As a result of defendant's conduct, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

105.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendants made offensive contact with plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME

18

without privilege or consent.

107.   As a result of defendants' conduct, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

108.   As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
<u>(Unlawful Strip Search under the laws of the State of New York)</u>

109.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.   Plaintiffs VICTORIA MARROW, LINDA STRONG, and JANEE HUME were unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time they were searched.

111.   As a result of defendants' conduct, plaintiffs VICTORIA MARROW, LINDA STRONG, and JANEE HUME have suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

112.   As a result of the foregoing, plaintiffs VICTORIA MARROW, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a

jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

113.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.   Defendants initiated, commenced and continued a malicious prosecution against plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME.

115.   Defendants caused plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME to be prosecuted without probable cause until the charges were dismissed on or about May 25, 2010.

116.   As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
(Malicious Abuse of Process under laws of the State of New York)

117.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.   Defendants issued criminal process against plaintiffs VICTORIA MARROW,

JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME by causing them to be arrested, arraigned and prosecuted in criminal court.

119.     Defendants caused plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

120.     As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
<u>(Intentional Infliction of Emotional Distress under the laws of the State of New York</u>)

121.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

123.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

124.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

125.     The aforementioned conduct was intentional and for the sole purpose of causing

severe emotional distress to plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME.

126.    As a result of the aforementioned conduct, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

127.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

128.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME and the strip search of plaintiffs VICTORIA MARROW, LINDA STRONG, and JANEE HUME.

130.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

heretofore alleged in this Complaint.

131. As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

132. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "131" with the same force and effect as if fully set forth herein.

133. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, search, and prosecution of plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME.

134. As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

135. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "134" with the same force and effect as if fully set forth

herein.

136.    Plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

137.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

138.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "137" with the same force and effect as if fully set forth herein.

139.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

140.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

24

attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

141.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if fully set forth herein.

142.    As a result of defendants' conduct, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME were deprived of their right to equal protection of laws.

143.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

144.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.    As a result of defendants' conduct, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME were deprived of their right to security against unreasonable searches, seizures, and interceptions.

146.    As a result of the foregoing, plaintiffs VICTORIA MARROW, JOHN STRONG,

ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        December 5, 2011

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:     _____/s/_____
        BRETT H. KLEIN (BK4744)

Attorneys for Plaintiffs VICTORIA MARROW, JOHN STRONG, ERIC HARRISON, PRINCE WILLIAMS, LINDA STRONG, and JANEE HUME

26